IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARY ANN FIZER
o/b/o J.C.                                                                                          PLAINTIFF

v.                                    CIVIL NO. 21-4048

KILOLO KIJAKAZI,[1]  Acting Commissioner
Social Security Administration                                                                      DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff, Mary Ann Fizer, brings this action on behalf of her minor granddaughter, J.C., seeking judicial review, pursuant to 42 U.S.C. § 405(g), of a decision of the Commissioner of the Social Security Administration (Commissioner) denying J.C.'s application for child's supplemental security income (SSI) benefits under Title XVI of the Social Security Act (Act).

Plaintiff protectively filed the application for SSI on her minor granddaughter J.C.'s behalf on June 10, 2019, alleging that J.C., who was a school-age child when the application was filed, is disabled due to asthma, a learning disability and dyslexia.  (Tr. 137).  An administrative telephonic hearing was held on June 3, 2020, at which, Plaintiff appeared with counsel and testified.  (Tr. 52-73).

The ALJ, in a written decision dated December 17, 2020, found that J.C. had the following severe impairments: attention deficit hyperactivity disorder (ADHD), a learning disorder, and impulse control disorder. (Tr. 23).  However, the ALJ further found that as J.C. did not have an impairment or combination of impairments that was medically or functionally equal to a listed impairment, J.C. was not disabled.  (Tr. 23-28).

---

[1] Kilolo Kijakazi, has been appointed to serve as Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Plaintiff then requested a review of the hearing decision by the Appeals Council, who, after reviewing additional evidence submitted by Plaintiff, denied that request on June 11, 2021. (Tr. 1). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 13, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues the following point on appeal: The ALJ erred in finding J.C. does not have an impairment or combination of impairments that meets or medically equals the severity of one of the Listed impairments. (ECF No. 13). Defendant argues the ALJ properly considered all of the evidence and the decision is supported by substantial evidence. (ECF No. 14). The Court has reviewed the entire transcript and the parties' briefs.

The regulations prescribe a three-step process for making the disability determination in child cases. First, the ALJ must determine whether the child has engaged in substantial gainful activity. *See* 20 C.F.R. § 416.924(b). Second, the ALJ must determine whether the child has a severe impairment or combination of impairments. *See* 20 C.F.R. § 416.924(c). Third, the ALJ must determine whether the severe impairment(s) meets, medically equals, or functionally equals a listed impairment. *See* 20 C.F.R. § 416.924(d). A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning. The six domains are the following: 1) acquiring and using information, 2) attending and completing tasks, 3) interacting and relating to others, 4) moving about and manipulating objects, 5) caring for himself or herself, and 6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See* 20 C.F.R. § 416.926a(e). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *Id.* An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *Id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *Id.*

In the present case, the ALJ found that J.C.'s claim failed at step three, as J.C. did not have an impairment that met or medically or functionally equaled a listed impairment. Specifically, the ALJ found J.C. had the following limitations in the six domains of functioning: 1) less than a marked limitation in acquiring and using information; 2) less than a marked limitation in attending and completing tasks; 3) no limitation in interacting and relating to others; 4) no limitation in

moving about and manipulating objects; 5) less than a marked limitation in the ability to care for himself/herself; and 6) no limitation in health and physical well-being. (Tr. 25).  In determining J.C. limitations in the six domains, the ALJ discussed J.C.'s medical records, teachers' assessments and reports from J.C.'s mother and grandmother. As discussed by the ALJ, the record revealed that when J.C. took her medication as prescribed, her attention and focus were not a problem, and she was able efficiently complete her classwork.  After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's findings in this case.

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice.  *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 20th day of May 2022.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE